IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARQUIS BROWN-EL-BEY, | : |
| Petitioner, | : |
| v. | : C.A. No. 24-419-CFC |
| BRIAN EMIG, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## **MEMORANDUM**

### I. INTRODUCTION

Petitioner is an inmate at the James T. Correctional Center in Smyrna, Delaware. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I. 3), several supplemental filings (D.I. 5; D.I. 6; D.I. 7; D.I.8), and a motion for leave to proceed *in forma pauperis* (D.I. 1). Petitioner appears to be challenging his 2013-2014 convictions for possession of a deadly weapon by a person prohibited, carrying a concealed weapon, and a violation of probation. (D.I. 3 at 1)

### II. STANDARD OF REVIEW

A district court may entertain a petition for a writ of habeas corpus on behalf of someone in custody pursuant to the judgment of a state court only on the ground that his custody violates the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Notably, a district court may summarily dismiss a habeas

petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

Although not entirely clear, Petitioner appears to contend that he is immune from the laws of the United States because he is a Moorish American and, therefore, the State of Delaware lacked jurisdiction to prosecute and convict him.[1] (D.I. 3; D.I. 5; D.I. 6; D.I. 7; D.I. 8) Petitioner's argument is unavailing. Regardless of Petitioner's nationality or religion, he is subject to the laws of the jurisdiction in which he resides. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 applications); *see, e.g., Jones-Bey v. Alabama,* 2014 WL 1233826, at *3 (N.D. Ala. Mar. 25, 2014) ("There is no basis in the law for such a claim" that the State of Alabama did not have jurisdiction to prosecute and imprison petitioner based on his ancestry as a "Moorish American."); *Bey v. Bailey,* 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010) ("the suggestion that Petitioner is entitled to ignore the laws of the State of New York by claiming membership in the Moorish-American nation is without merit and cannot be the basis for habeas relief."); *Osiris v. Brown,* 2005 WL 2044904, at *2-*3 (D. N.J. Aug. 24, 2005); *see also Byrd v. Blackman,* 2006 WL 2924446, at *1 n.1 (E.D. Pa. Oct. 5, 2006) (explaining the background of

---

[1] In 2014 and 2016, Petitioner filed habeas petitions raising a similar challenge to his convictions. *(See Brown El-Bey v. Wesley,* Civ. A. No. 14-1035-GMS and *Brown El-Bey v. Pierce,* Civ. A. No. 16-401-GMS) Both petitions were summarily dismissed, and the Third Circuit declined to grant a certificate of appealability in both cases. (*See* D.I. 7, D.I. 8 & D.I. 13 in *Brown El-Bey,* Civ. A. No. 14-1035-GMS; *see* D.I. 4, D.I. 5 & D.I. 10 in *Brown El-Bey,* Civ. A. No. 16-401-GMS)

2

the Moorish beliefs). Therefore, Petitioner's status as a "Moorish American" does not provide a viable challenge to any criminal conviction he may be challenging.

Accordingly, the Court will summarily dismiss the instant Petition because Petitioner has failed to assert a basis for federal habeas relief.

## IV. CONCLUSION

For the reason set forth above, the Court will summarily dismiss Petitioner's § 2254 Petition. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: June 12, 2024

Colm F. Connolly
Chief Judge